## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**TIMOTHY D. ROUSE**                                                             **PLAINTIFF**

v.                                                                **CIVIL ACTION NO. 3:07CV-P674-S**

**KENTUCKY DEPARTMENT OF CORRECTIONAL**                        **DEFENDANT**

### MEMORANDUM OPINION

Unrepresented by counsel, Plaintiff Timothy D. Rouse initiated this action by filing a handwritten complaint against the Kentucky Department of Corrections ("KDOC"), alleging negligence, abuse, and discrimination. He alleges that on November 10, 2007, he was interviewed by a professional psychiatric mental health physician employed by the KDOC. Plaintiff advised the physician that he was not sleeping due to voices. The physician prescribed "Suravile," and after a week of taking the medication, Plaintiff noticed a change in his skin and sexual hormones. Plaintiff then questioned a nurse about the medication and learned that he was actually taking "Triaville." According to Plaintiff, the physician "trick[ed]" him into taking another medication which has caused his skin to wrinkle and rendered him unable to have children. He seeks $200,000 in damages.

This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, the Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

Plaintiff does not specify the subject matter jurisdiction of this Court. To the extent Plaintiff is bringing federal claims under 42 U.S.C. § 1983, those claims against the KDOC must

be dismissed. The Kentucky Department of Corrections is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250. A state, its agencies, and state officials sued in their official capacities for money damages, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the DOC is not a "person" under the Act, the Court will dismiss the federal claims against that Defendant for failure to state a claim upon which relief may be granted. Additionally, the Eleventh Amendment[1] acts as a bar to all federal claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978).[2] In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)). The Court will, therefore, also dismiss the federal claims against the KDOC for lack of subject matter jurisdiction.

---

[1]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[2]*See also Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 358 (6th Cir. 2002) ("The district court properly found no claim stated against several of the defendants, including[] the Michigan Department of Corrections, which is entitled to Eleventh Amendment immunity."); *Reid v. State of Tennessee*, No. 94-6199, 1995 WL 619964, at *1 (6th Cir. Oct. 20, 1995) ("Eleventh Amendment immunity extends to the Tennessee Department of Corrections, as a judgment against it would restrain the state from acting or compel it to act.").

Plaintiff additionally alleges a state-law claim of negligence.  Under 28 U.S.C. § 1367(c), "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Consequently, the state-law claim will be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
 4411.005